No. 13205

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

BARBARA J. HOUSER,

Plaintiff and Respondent,

-vs-

JAMES A. HOUSER,

Defendant and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial
              District,
              Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph E. Mudd argued, Bridger, Montana

    For Respondent:

        James Reno argued, Billings, Montana

_____

Submitted:  January 26, 1977

Decided:  JUN 29 1977

Filed: JUN 28 1977

_Thomas J. Kearney_
                                        Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This is an appeal by the husband from a judgment of the district court, Yellowstone County, awarding the marital home to the wife in an annulment action and declaring the husband's name was placed on the deed only as security for the down payment loan made on the house.

The sole issue raised by the husband's appeal is his assertion the district court had no right to award to the wife property acquired in their joint names before the marriage. This issue was not raised in the trial court. Moreover, defendant husband in his answer and counterclaim to the wife's request that the property be equitably divided, also requested an equitable division of the property.

The instant annulment was the second marriage between Barbara J. Houser and James A. Houser. During the first marriage they had one child, Jennifer. After the divorce the parties started dating again, and in March 1973 they made a down payment on a home which Barbara was renting. Title was placed in both names as joint tenants. James Houser, through his father, furnished the $4,000 down payment to be repaid at the rate of $100 per month which included a 6% interest charge. In December 1973, Barbara and James remarried but the marriage lasted only a few months.

In 1974, Barbara Houser filed an action for annulment and asked the court to equitably divide the personal and real property acquired by the parties. In his answer and counterclaim James Houser also requested the court to make an equitable division of the property. He made no attempt to limit the court to consideration of property acquired after they were married.

At trial, Barbara Houser contended the $4,000 down payment was a loan to her and James Houser's name was on the deed only as security for the loan. James disputed the loan allegation and contended the parties agreed to joint ownership of the property. At trial, he did not contend the trial court had no right to divide the property; he was merely asking for a different disposition than that awarded.

The district court found title to the home (subject to a mortgage for the balance of the purchase price) was in Barbara Houser's name and James Houser's name was placed on the deed "for security purposes only, and was meant to secure the repayment of said loan [the down payment]."

By his pleadings and by his approach at trial, defendant James Houser clearly requested the district court to use its equitable powers to make a disposition of the home. He cannot now complain the district court had no right to do so. Epletveit v. Solberg, 119 Mont. 45, 169 P.2d 722. The district court was not compelled to order the home sold and the proceeds divided equally between the parties, as defendant insists. Rather, the court found that defendant James Houser had no ownership rights in the property, except a security interest for repayment of the $4,000. We emphasize that James Houser did not challenge the findings of the district court.

We affirm the judgment.

_Daniel J. Shea_
Justice.

- 3 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.